IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY DORAN HALPRIN,

      Plaintiff,

      v.                                   CASE NO. 26-3005-JWL

DANIEL SOPTIC,

      Defendant.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Wesley Doran Halprin is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that around October 31, 2025, the ability to purchase coffee was removed from the Aramark commissary. (Doc. 1, at 2.) Plaintiff claims that this was done by Sheriff Daniel Soptic for security reasons because detainees were smoking coffee. *Id*. Plaintiff alleges that not having coffee has caused him stress and major pain and suffering. *Id*.

Plaintiff names Sheriff Soptic as the sole defendant. Plaintiff seeks to restore the availability of coffee at the Aramark commissary store. *Id*. 5.

### II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court,

a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

"[T]he ability to purchase items at a prison commissary is a privilege, not a right." *Leatherwood v. Rios*, 705 F. App'x 735, at n.3 (10th Cir. 2017) (unpublished) (citing *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (stating there is no constitutional right to purchase food from a prison commissary). "Thus, a denial of the opportunity to purchase certain

3

. . . items through the . . . commissary does not independently support a plausible § 1983 claim." *Cheatham v. Dedeke*, 2021 WL 5492911, at *1 (D. Kan. 2021) (dealing with the purchase of hair items).

Plaintiff acknowledges that coffee was removed from the commissary list for security reasons because detainees were smoking the coffee. Plaintiff does not allege that the decision to remove coffee from the commissary was punitive in nature. *See Washington v. Falco*, 2021 WL 797658, at *5 (S.D.N.Y. 2021) (finding that plaintiff failed to plausibly allege the challenged conditions of his confinement—including refusal to provide or allow pretrial detainees to receive or purchase coffee or tea—were punitive in nature).

Plaintiff has failed to allege a constitutional violation. Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim.

## IV. Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this case without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED** Plaintiff is granted until **February 17, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 16, 2026, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
