FILED
U.S. District Court
District of Kansas
02/03/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY DORAN HALPRIN,**

    **Plaintiff,**

    v.                                           CASE NO. 26-3005-JWL

**DANIEL SOPTIC,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC"). The Court granted Plaintiff leave to proceed in forma pauperis. On January 16, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response (Doc. 7).

Plaintiff alleges that around October 31, 2025, the ability to purchase coffee was removed from the Aramark commissary. (Doc. 1, at 2.) Plaintiff claims that this was done by Sheriff Daniel Soptic for security reasons because detainees were smoking coffee. *Id*. Plaintiff alleges that not having coffee has caused him stress and major pain and suffering. *Id*. Plaintiff names Sheriff Soptic as the sole defendant and seeks to restore the availability of coffee at the Aramark commissary store. *Id*. 5.

The Court found in the MOSC that "the ability to purchase items at a prison commissary is a privilege, not a right." *Leatherwood v. Rios*, 705 F. App'x 735, at n.3 (10th Cir. 2017) (unpublished) (citing *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (stating there is no constitutional right to purchase food from a prison commissary). "Thus, a denial of the

opportunity to purchase certain . . . items through the . . . commissary does not independently support a plausible § 1983 claim." *Cheatham v. Dedeke*, 2021 WL 5492911, at *1 (D. Kan. 2021) (dealing with the purchase of hair items).

Plaintiff acknowledges that coffee was removed from the commissary list for security reasons because detainees were smoking the coffee. Plaintiff does not allege that the decision to remove coffee from the commissary was punitive in nature. *See Washington v. Falco*, 2021 WL 797658, at *5 (S.D.N.Y. 2021) (finding that plaintiff failed to plausibly allege the challenged conditions of his confinement—including refusal to provide or allow pretrial detainees to receive or purchase coffee or tea—were punitive in nature).

The Court found in the MOSC that Plaintiff failed to allege a constitutional violation, and ordered Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. In his response, Plaintiff provides dictionary definitions for "privilege," "prison," and "signature." (Doc. 7, at 1–2.) Plaintiff then argues that the U.S. Constitution does not allow Sheriff Soptic to revoke a privilege, and a "higher judicial power" is needed to revoke a privilege. *Id*. at 3.

Plaintiff provides no authority for requiring court action to revoke a jail privilege. In Kansas, sheriffs are responsible for the operation of the county jail. Kansas law provides that "[t]he sheriff shall have the charge and custody of the jail of the sheriff's county, and all the prisoners in such jail, and shall keep such jail personally, or by a deputy or jailer, for whose official acts the sheriff and sureties of the sheriff shall be liable." K.S.A. § 19-811.

Plaintiff also takes issue with the Court using the term "prisoner" in its MOSC because Plaintiff is a pretrial detainee. (Doc. 7, at 3–4.) The Court noted in the MOSC that Plaintiff was "in custody" at the WCDC and that Plaintiff alleged that "detainees" were smoking the coffee.

The part of the MOSC referencing "prisoners" was in the section setting forth the Court's screening standards under 28 U.S.C. § 1915A(a) and §1915(e)(2)(B)(ii).  *See* MOSC, Doc. 4, at 1–3. Sections 1915 and 1915A define a "prisoner" for purposes of those sections as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h) and § 1915A(c). Therefore, the use of that term for purposes of the screening statutes was appropriate.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 3, 2026, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**